IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| LAUREN SCHEID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:17cv167-DMB-RP |
| | ) |
| OXFORD EYE CLINIC, P.A., | ) |
| WILLIAM STRICKLAND, O.D., | ) |
| RYAN WALLY, O.D. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Lauren Scheid, by and through undersigned counsel, and files this Complaint against Defendants, Oxford Eye Clinic, P.A., William M. Strickland, O.D. and Ryan Wally, O.D. Pursuant to Federal Rule Civil Procedure 38(a), Plaintiff demands a jury trial and in support thereof, Plaintiff would show:

## PARTIES

1. Plaintiff Lauren Scheid ("Lauren") is an adult resident of Mobile, Alabama.

2. Defendant Oxford Eye Clinic, P.A. ("Oxford Eye Clinic") is a Mississippi Professional Association that was incorporated on October 4, 2004, but subsequently dissolved by the Secretary of State. Despite being dissolved, the Oxford Eye Clinic continues to operate under the name of Oxford Eye Clinic, P.A.

3. Defendant William Strickland is an adult resident citizen of Lafayette County, Mississippi, whose residential address is 1039 Zilla Avent Drive, Oxford, Mississippi, and who may be served with process of this Court at his place of employment: Oxford Eye Clinic, 2167 S. Lamar Blvd., Oxford, MS 38655.

1

4. Defendant Ryan Wally is an adult resident citizen of Lafayette County, Mississippi, whose residential address is 322 Lakes Drive North, and who may also be served with process of this Court at his place of employment: Oxford Eye Clinic, 2167 S. Lamar Blvd., Oxford, MS 38655.

## JURISDICTION AND VENUE

5. This Court holds actual jurisdiction under provisions of 28 U.S.C. § 1332, as this action is a controversy wholly between citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as each of the defendants is a resident of the State of Mississippi, and each reside in the judicial district. Further, the events or omissions giving rise to the claim occurred in this judicial district.

## COMPLIANCE WITH STATUTES

7. Proper written notice of intention to file this action and notice of claim has been provided to the Defendants in accordance with Mississippi Code Annotated § 15-1-36 (15). *See* Notice Letter attached as Exhibit "A."

8. Attached to this Complaint, as Exhibit "B," is a Certificate of Consultation pursuant to the requirements of Mississippi Code Annotated 11-1-58(1)(a).

## STATEMENT OF THE FACTS

9. Lauren incorporates by reference as though fully set forth herein all of the other allegations contained in the other paragraphs of the Complaint.

10. Lauren began to see flashes of light in August of 2015.

30452292 v1

11. On September 11, 2015, while attending The University of Mississippi, in Oxford, Mississippi, Lauren had an eye examination performed at Oxford Eye Clinic by Defendant Wally.

12. After examining her eyes, including but not limited to dilating her eyes, Defendant Wally diagnosed Lauren with astigmatism and ophthalmic migraine.

13. Based on Defendant Wally's diagnosis, Lauren was prescribed glasses. The glasses did not help, and Lauren continued to see flashes of light.

14. In March 2016, Lauren sought a second medical opinion from Dr. Henry Semple in Mobile, Alabama. Upon examination of the Plaintiff's eyes, Dr. Semple detected a mass in Lauren's right eye.

15. Compelled by the discovery of the mass, Dr. Semple immediately referred Lauren to Dr. Matthew Wilson in Memphis, Tennessee.

16. On April 4, 2016, Lauren was examined by Dr. Wilson, who subsequently diagnosed her with ocular melanoma. Upon diagnosis, Dr. Wilson referred Lauren to St. Jude Children's Research Hospital in Memphis, Tennessee.

17. On April 22, 2016, at St. Jude Children's Research Hospital, Lauren underwent an enucleation—the surgical removal—of her right eye.

18. In the approximate seven months that Lauren's right ocular melanoma went undiagnosed, she continued to see flashes of light and experience blurred vision, all the while needlessly wearing prescription glasses. During that time, Lauren was exposed to an increased risk of metastasis, which later resulted in additional medical testing.

19. Further, Plaintiff lost her right eye which could have been prevented had the mass been detected earlier.

20. As a result of the loss of her right eye, Lauren will have lifelong medical costs and limitations.

21. As a result of the increased risk of metastasis, Lauren will have lifelong increased medical costs.

## COUNT I - NEGLIGENCE AS TO ALL DEFENDANTS

22. Lauren incorporates by reference as though fully set forth herein all of the other allegations contained in the other paragraphs of the Complaint.

23. The above-described acts and/or omissions and resulting injuries of Lauren, and the resulting loss and damages sustained by Lauren were proximately caused by or contributed to by the negligence of the Defendants Oxford Eye Clinic, Strickland and Wally.

24. At all times mentioned herein, Defendant Oxford Eye Clinic held itself out as an optometry clinic duly qualified and capable of rendering adequate medical care, treatment and services to the public and for such purposes hired optometrists, opticians, optometric technicians and other personnel.

25. At all relevant times, Defendant Strickland was practicing optometry or assisting optometrists in the practice of optometry at Oxford Eye Clinic.

26. At all relevant times, Defendant Wally was practicing optometry or assisting optometrists in the practice of optometry at Oxford Eye Clinic.

27. As employees, agents, partners and/or members of Oxford Eye Clinic, Strickland and Wally are liable both jointly and severally for the negligent conduct described herein.

28. At all times mentioned herein, all Defendants represented that they and the other physicians, residents, interns, technicians and other medical personnel in its employ or on its

staff were qualified and capable of rendering health care treatment in accordance with good and accepted standards of medical practice in their community.

29. All Defendants, their agents, servants or employees represented themselves to be competent to perform all professional work, labor, services, treatments and tests that were to be rendered to Lauren.

30. Defendants, their agents, servants or employees represented that they had the skill, knowledge and ability generally possessed by persons specializing in such type of treatment and practicing their profession in and around Oxford, Mississippi, in the performance of tests and all diagnosis procedures.

31. Defendants, individually and/or through their staff, agents and/or employees, owed a duty to skillfully, prudently, and thoroughly examine, diagnose, care for, treat, and advise Lauren in such a manner, as would a reasonably prudent medical facility or practitioner, who was confronted with similar conditions and circumstances.

32. Defendants, their agents, servants or employees carelessly and negligently failed and breached their duty and/or standard of care as follows:

    a) Failure to remain informed of the signs and symptoms of ocular melanoma in patients, as recognized by the standard of good medical practice within their community;

    b) Failure to detect a mass in Lauren's right eye;

    c) Failure to diagnose Lauren with right ocular melanoma;

    d) Providing Lauren with an erroneous diagnosis of astigmatism and ophthalmic migraine;

    e) Providing Lauren with an incorrect treatment, eyeglasses;

f) All other failures and negligent acts of Defendants and all other failures that occurred and/or that are revealed via the discovery process.

33. Said negligent acts and/or omissions of Defendants were proximate causes of the above-described incident, the resulting injuries sustained by Lauren, and resulting loss and damages as described hereinafter.

## COUNT 2 - BREACH OF WARRANTY AS TO ALL DEFENDANTS

34. Lauren incorporates by reference as though fully set forth herein all of the other allegations contained in the other paragraphs of the Complaint.

35. In consideration of Lauren's agreement to pay for medical services rendered, Defendants impliedly warranted that Lauren would be furnished with adequate and proper care.

36. The Defendants failed and neglected to provide adequate and proper care in the manner and form previously set forth herein.

37. Said breach of warranty by the Defendants was a proximate cause of the above-described incident, the resulting injuries sustained by Lauren, and the resulting losses and damages described hereinafter.

## COUNT 3 - GROSS NEGLIGENCE

38. Lauren incorporates by reference as though fully set forth herein all of the other allegations contained in the other paragraphs of the Complaint.

39. The Defendants acted with reckless disregard for the health and safety of Lauren such that Lauren is entitled to punitive damages in an amount to be proven at trial.

40. Said unlawful, wanton, reckless, grossly negligent, and/or negligent acts and/or omissions of the Defendants were proximate causes of the above-described incident, the resulting injuries sustained by Lauren, and resulting losses and damages as described hereinafter.

## DAMAGES

41. Lauren incorporates by reference as though fully set forth herein all of the other allegations contained in the other paragraphs of the Complaint.

42. As a direct and proximate result of the acts of said Defendants, Lauren sustained injuries and incurred substantial damages as listed herein below including, but not limited to, the following:

a) Past, present, and future reasonable medical expenses;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future mental and emotional distress;

d) Loss of right eye;

e) Loss of enjoyment of life;

f) Inconvenience and discomfort;

g) Permanent impairment and disability;

h) Exposure to increased (risk/chance) of metastasis;

i) Punitive damages; and

j) Any other damages that the Court or jury deems just and proper.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Lauren Scheid demands a judgment jointly and severally of and from the Defendants, for actual, compensatory, and punitive damages, plus pre-judgment and post-judgment interest, attorney fees, all costs accrued in this action, and any other relief which the Court or jury deems just and appropriate.

Respectfully submitted,

_____
Cheri Turnage Gatlin (MS Bar #10323)
*Attorney for Plaintiff Lauren Scheid*

BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601-355-5150)
cgatlin@burr.com

8

30452292 v1